IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS P. MANNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| SOO LINE RAILROAD COMPANY, | ) | |
| d/b/a CANADIAN PACIFIC RAILROAD, | ) | **PLAINTIFF DEMANDS** |
| | ) | **TRIAL BY JURY** |
| Defendant, | ) | |

## COMPLAINT

NOW COMES the Plaintiff, DENNIS MANNING, by and through his attorneys, RIDGE & DOWNES, and for his cause of action again the Defendant, SOO LINE RAILROAD COMPANY, d/b/a CANADIAN PACIFIC RAILROAD, states and alleges as follows:

### PARTIES

1. The Plaintiff, DENNIS P. MANNING, (hereinafter referred to as "MANNING") was, and at all times herein mentioned, a resident of Allamakee County, Iowa.

2. Defendant, SOO LINE RAILROAD COMPANY, d/b/a CANADIAN PACIFIC RAILROAD, (hereinafter "CP") is now, and at all times relevant hereto, a corporation duly organized and existing according to law engaged in business as a common carrier by rail in interstate commerce. CP, at all relevant time, does business as a common carrier by rail in counties in Illinois to include the County of Cook. The CP, also, owns, operates and controls many miles of track, rail yards and related facilities throughout the County of Cook, State of Illinois.

3. At all times relevant, Defendant, CP, was and is subject to the provisions of the Federal Employers Liability Act, 45 U.S.C. §§56 *et al.* (FELA)

4. At all times relevant, MANNING, was an employee of CP and assigned to various jobs and facilities owned, operated and controlled by CP including but not limited to Wisconsin, Illinois and Iowa.

## JURISDICTION AND VENUE

5. That the acts that plaintiff has alleged in this complaint have occurred in this District.

6. This Court has jurisdiction over the defendant, CP, and venue is proper in this court under 28 U.S.C. § 1331 since this is a civil action brought pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 56.

## COUNT I – FELA

NOW COMES the plaintiff, DENNIS MANNING, ("Manning") by and through his attorneys, RIDGE & DOWNES, complaining of defendant, SOO LIINE RAILROAD COMPANY, d/b/a CANADIAN PACIFIC RAILROAD, ("CP" or "defendant"), for his Complaint at Law, pleading hypothetically and in the alternative, states:

1. This action is brought pursuant to Title 45 U.S.C. Sections 51 et seq., the Federal Employers Liability Act (FELA).

2. On and before February 20, 2013, and at all times relevant to this claim, the defendant, CP, was a corporation duly existing according to law to engage in, and was at all times mentioned herein engaged in, doing business as a common carrier by rail in the state of Illinois and other states of the United States.

3. On and before February 20, 2013, and at all times relevant to this claim, CP maintained offices, buildings, tracks and yards within Cook County, Illinois.

4. On and before February 20, 2013, and at all times relevant to this claim, the plaintiff, Manning, was employed by CP as a foreman, and was working in interstate commerce and subject to the provisions of the Federal Employer's Liability Act, Title 45 U.S.C.A., Section 51, et seq.

5. That after starting his employment with CP in 1981 as a laborer the plaintiff worked his way to position of foreman in 2013.

6. During these 32 years of employment and in the course of performing his duties for CP, Manning has been required as a necessary component of his job to operate equipment that needlessly exposed him to ergonomic risk factors for the development of musculoskeletal injury, including exposure to harmful jolting, bumping and whole body vibration, working on irregular and uneven ballast, performing heavy and strenuous work including lifting, pushing pulling, bending stooping, crawling, squatting and similar demanding physical activities, and to perform his duties on steeply sloped areas, on irregular surfaces and under varied weather conditions.

7. That on February 20, 2013, plaintiff's neurosurgeon advised him to cease working for CP immediately due to the back pain and numbness of his lower extremities which his physician associated with his 32 years of employment with CP.

8. Manning suffered serious and permanent injuries to his back in whole or in part, by UPRR's negligence, specifically:

   a. Defendant negligently failed to provide Plaintiff with a reasonably safe place to work;

   b. Defendant negligently failed to provide Manning with safe and proper tools and equipment to reduce the risk of cumulative trauma and resulting injuries ;

    c.    Defendant negligently failed to provide Manning with proper supervision, direction and instruction regarding cumulative trauma and its effect on the body;

    d.    Defendant negligently failed to warn Manning of the risks of developing cumulative trauma

    e.    Defendant negligently failed to follow recommendations issued by the American Association of Railroads regarding ergonomics

    f.    Was otherwise careless and negligent;

9. As a result, in whole or in part, of Defendant, CP's negligence, as set forth above, Manning suffered serious and permanent injury to his back. Manning has received in the past and will in the future receive medical treatment for his injuries, in costs Manning is unable to accurately determine at this time; Manning has in the past and will in the future suffer emotional and physical pain;

10. As a further result, in whole or in part, of Defendant CP's negligence, as set forth above, Manning has in the past and will in the future lose wages and/or suffer a loss of diminution of earning capacity, including loss of fringe benefits in an amount Manning is unable to accurately estimate at this time;

11. By reason of each and all of the facts stated above, Manning has suffered damages in an amount to be proved at trial.

    WHEREFORE, Plaintiff asks this Court to enter judgement in his favor and against the Defendant, Canadian Pacific Railroad, in such an amount sufficient to fully compensate Plaintiff, Manning, for damages and injuries to be proven at trial for his costs and disbursement.

## COUNT II – NEGLIGENT ASSIGNMENT

1-7.     Plaintiff repeats and re-alleges paragraphs 1 through 7 of this Complaint as if fully set forth herein.

8.     That on September 4, 2008 Manning suffered an injury to his back that required a spinal fusion surgery. Manning returned to work on December 7, 2008 with CP

9.     That upon return to work with CP and knowing that Manning had fusion surgery to his back, and without medical clearance, CP returned Manning to the same job and duties he was doing with CP prior to his fusion surgery.

10.     That on February 20, 2013, plaintiff's neurosurgeon advised him to cease working for CP immediately due to the back pain and numbness of his lower extremities which his physician associated with his prior fusion and 32 years of employment with CP.

11.     On and before February 20, 2013, and at all times relevant to this claim CP, by and through its agents and employees, was negligent in one or more of the following ways with respect to this injury:

   a.     Chose to not provide a safe work environment for its employees;

   b.     Chose to provide insufficient tools;

   c.     Chose to provide insufficient safeguards;

   d.     Chose to provide insufficient training;

   e.     Directed Dennis Manning to perform a dangerous task with insufficient safeguards;

   g.     Directed Dennis Manning to perform a dangerous task with insufficient supervision;

   h.     Directed Dennis Manning to perform a dangerous task with insufficient tools;

i. Was otherwise negligent.

12. As a direct result of his injuries, Dennis Manning sustained severe and permanent injuries to back; has been injured, damaged, and incapacitated; has in the past and will in the future, incur legal obligations for hospital, medical, nursing, rehabilitative, and related services of treatment; has in the past and will in the future lose profits, wages, benefits, and earnings, which he would have otherwise made and acquired; has been caused to suffer pain, disability, disfigurement, and inconvenience; all of which injuries and conditions are permanent.

WHEREFORE, the plaintiff, DENNIS MANNING, demands judgment against defendant, CANADIAN PACIFIC RAILROAD, for a sum in of excess of Fifty Thousand Dollars ($50,000), plus costs of suit.

Respectfully submitted,
RIDGE & DOWNES

By: _____
James T. Farnan
Attorney for Plaintiff

James T. Farnan
RIDGE & DOWNES
Attorneys for the Plaintiff
101 North Wacker Drive, Suite 200
Chicago, Illinois 60601
Tel: (312) 372-8282
Fax: (312) 372-8560
Attorney No. 56311