# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DENNIS P. MANNING,<br><br>        Plaintiff,<br><br>vs.<br><br>SOO LINE RAILROAD COMPANY,<br>d/b/a CANADIAN PACIFIC<br>RAILROAD,<br><br>        Defendant. | No. 16-CV-1011-LTS<br><br>**ORDER** |

On February 10, 2017, the court issued an order granting Defendant's Motion to Compel Plaintiff's Responses to Discovery Requests and to Extend Defendant's Deadline for Disclosing Experts (Doc. 17). Doc. 19. In accordance with that order, Defendant's counsel filed an affidavit of attorney's fees (Doc. 20), and Plaintiff submitted a response regarding Defendant's request for attorney's fees (Doc. 21).

The court is required to order that Plaintiff pay the reasonable expenses that Defendant incurred, including attorney's fees, in compelling discovery unless the court finds that Plaintiff's objections were substantially justified or other circumstances make the award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). An objection is substantially justified "if there is a genuine dispute, . . . or if reasonable people could differ as to [the appropriateness of the contested action]." *Brown v. State of Iowa*, 152 F.R.D. 168, 174 (S.D. Iowa 1993) (alteration in original) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)) (internal quotation marks omitted).

Plaintiff did not file a resistance to Defendant's motion to compel. Moreover, as noted in the court's order, many of Plaintiff's objections in response to the interrogatories

and requests for production at issue were deficient. Plaintiff did not specify the ground for his objection to producing an authorization to allow Defendant to access Plaintiff's school and driving records and, as noted in the order, therefore failed to state a proper or adequate objection. Doc. 19. With regard to Plaintiff's employment history, Plaintiff maintained that he had provided all relevant information and authorizations even after Defendant outlined what was missing (a position Plaintiff still maintains in his response to this court regarding attorney's fees, despite the court's finding in its order that Plaintiff's response was indeed incomplete). Docs. 19, 21. Thus, the court finds that Plaintiff was not substantially justified in failing to comply with the requests related to his school records, driving records, and employment history.

In response to Defendant's request for tax records, Plaintiff objected that such a request was overly broad and burdensome. Defendant argued that Plaintiff's tax records were relevant to Plaintiff's lost earning capacity and mitigation of damages defense. A reasonable person could find Defendant's request for tax records overly broad; the information Defendant sought to gain from Plaintiff's tax records (post-termination earnings and employment) was duplicative of the information contained in Plaintiff's employment history. Thus, the court finds that Plaintiff was substantially justified in objecting to the production of his tax records.

In his response to this court regarding attorney's fees, Plaintiff notes that his counsel has difficulties communicating with him because he has neither a cell phone, answering machine, nor an email account. Such difficulties do not excuse Plaintiff's deficient objections and failure to provide the requested information for more than four months. Plaintiff also notes that he complied with the court's order prior to his deposition and that little time was spent on the information at issue during his deposition. Plaintiff's prompt compliance with this court's order does not change the fact that Defendant had to file a motion to compel to gain certain discovery responses from Plaintiff. Thus, the court finds that an award of attorney's fees would not be unjust.

At the court's request, Defendant's counsel submitted a list of work done for the motion to compel and cost thereof. Doc. 20-1. The list includes 24.9 hours of work from four different timekeepers, with rates ranging from $85 to $220 an hour, for a total of $4,175.50. *Id.* Although the court does not doubt that Defendant's counsel expended the hours claimed, the court finds that the amount of fees requested is excessive and that not all of the claimed work is compensable.

The court declines to award fees for work that Defendant's counsel had to perform under its meet-and-confer obligations, such as reviewing discovery and communicating with opposing counsel. The court agrees with the reasoning of another court: "Although the Court fully appreciates the level of Defendant['s] frustration with the meet and confer attempts, these efforts would have been required regardless of whether Defendant[] had to file a motion to compel." *I.R. v. City of Fresno*, No. 1:12-CV-558 AWI GSA, 2013 WL 2404775, at *7 (E.D. Cal. May 31, 2013); *see also Skurka Aerospace, Inc. v. Eaton Aerospace, L.L.C.*, No. 1:08 CV 1565, 2013 WL 12131141, at *4 (N.D. Ohio Aug. 23, 2013) ("[O]n these facts[,] extrajudicial efforts to resolve the discovery dispute, including correspondence with opposing counsel, should be excluded from compensable time." (citing *Foxley Cattle Co. v. Grain Dealers Mut. Ins. Co.*, 142 F.R.D. 677, 681 (S.D. Iowa 1992))).

The court also declines to award fees for work related to filing a motion to dismiss for want of prosecution and for work related to the portion of the motion to compel seeking to extend the expert deadline. *See Foxley Cattle*, 142 F.R.D. at 681 (finding not compensable "time claimed for tasks unrelated to the actual preparation of the motion to compel . . . and that time expended on behalf of the Defendants' . . . to obtain dismissal").

Finally, the court will not compensate Defendant's counsel for the revisions made to the motion to compel after receiving additional discovery from Plaintiff on December 29, 2016. As noted in the affidavit by Defendant's counsel, Defendant planned to file the motion to compel on December 29, 2016. Doc. 20. Before filing the motion,

3

however, Defendant received a letter from Plaintiff dated December 23, 2016, that necessitated substantial revisions to the motion to compel and further communications with Plaintiff. Docs. 20, 20-1. The court does not wish to penalize Plaintiff for attempting to resolve the dispute with Defendant informally and providing more information to Defendant, as such conduct is encouraged under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(a)(1).

Thus, the court finds that the following time is compensable: time spent drafting and revising the initial motion and declaration in support thereof (December 27 and 28 entries), time spent preparing the exhibits for the final motion (JLJ January 16 entry),[1] and time spent researching the local rules (part of EOB January 16, 2017 entry).[2] The court finds, however, that even if only these entries are considered, the amount of fees is excessive: $1,471.50 in fees and 9.7 hours of work for a run-of-the-mill motion to compel and brief in support thereof. The brief in support of the motion consists of three pages setting forth the facts leading up to the filing of the motion and two pages of argument (the rest of the brief supports the request for an extension of the expert disclosure deadline). Doc. 17-2. The brief cites no case law and, instead, makes the same common-sense arguments that Defendant had made to Plaintiff in its letters requesting compliance. The court finds that the Defendant spent more time than was reasonably necessary to prepare the motion to compel and that the motion could have been prepared in half the time. *See Foxley Cattle*, 142 F.R.D. at 681-82 (awarding fees for only three hours of time when counsel spent 8.8 hours on a motion to compel that

---

[1] Although this entry deals with exhibits for the final motion, revised after receipt of Plaintiff's December 29 letter, the court finds this time compensable because exhibits had not yet been prepared for the initial motion when Plaintiff's December 29 letter was received, so the time is not duplicative.

[2] Because block billing is used, the court cannot determine the precise amount of compensable time for this work, since the entry also includes noncompensable time. The court believes that most of the time for this entry was likely spent on noncompensable revisions and finds that researching the local rules would have taken no more than .3 hours.

merely set forth the background facts leading to the motion and could have been prepared in two to three hours by a legal assistant). Because the court is awarding fees for three of the four categories of argument set forth in the brief in support of the motion (driving records, tax records, and employment history; not tax records), the court finds that $551.81 is sufficient to fairly compensate Defendant for filing the motion to compel.

**IT IS ORDERED** that Plaintiff's counsel shall pay $551.81 as reasonable expenses incurred by Defendant in compelling discovery responses for Plaintiff's driving records, tax records, and employment history, by delivering payment to Defendant's counsel at Fletcher & Sippel, LLC, within thirty (30) days of the date of this Order.

**IT IS SO ORDERED** this 1st day of March, 2017.

_____
Kelly K.E. Mahoney
United States Magistrate Judge
Northern District of Iowa